UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DUC VAN VU,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. C05-0641-JCC-MAT<br>         (CR04-0180-JCC)<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION

Petitioner filed a motion under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his 2004 federal court sentence. (Dkt. 1.) Respondent opposed petitioner's motion. (Dkt. 9.) Petitioner did not submit a reply. Following careful review of the record, the Court concludes that petitioner's § 2255 motion should be denied.

BACKGROUND

On October 1, 2004, pursuant to a plea agreement with the government, petitioner pled guilty to one count of conspiracy to distribute cocaine. (Dkt. 9, Ex. A.) In the plea agreement, petitioner acknowledged that the offense involved 7,833 grams of cocaine and, based on that amount, stipulated to the application of a base offense level of 32 under the Federal Sentencing Guidelines ("USSG" or "Guidelines"). (*Id*., ¶¶ 3, 8.)

The Court sentenced plaintiff on December 10, 2004. At sentencing, the government

argued for a base offense level of 32, a two level "safety valve" reduction under USSG § 2D1.1(b)(6), a three level acceptance of responsibility reduction under USSG § 3E1.1, and a total offense level of 27, resulting in a sentence range of 70 to 87 months. Petitioner requested a downward departure based on the fact that his conduct was aberrant,[1] but, pursuant to USSG § 2.20(c)(3), the Court refused to depart from the Guidelines given petitioner's involvement in a "serious drug trafficking offense." Based on the government's recommendation, the Court sentenced petitioner to 70 months imprisonment.

Petitioner did not file a direct appeal.

## DISCUSSION

In his § 2255 motion, petitioner argues that the Court violated his Fifth Amendment right to due process when it refused to impose a sentence of less than 70 months based on the Guidelines, which the United States Supreme Court deemed unconstitutional in *United States v. Booker*, 125 S.Ct. 738 (2005). Petitioner asserts that his conviction should be vacated in light of *Booker*.

Respondent argues that the motion should be denied because *Booker* does not apply retroactively to cases on collateral review. Respondent also asserts that the Court properly denied petitioner's request for an aberrant behavior departure.

## Retroactivity

On June 24, 2004, the Supreme Court issued its opinion in *Blakely v. Washington*, 124 S.Ct. 2531 (2004). In *Blakely*, the Supreme Court addressed a provision of the Washington Sentence Reform Act which permitted a judge to impose a sentence above the statutory range upon finding, by a preponderance of the evidence, certain aggravating factors which justified the departure. *Id.* at 2535. The trial court relied upon this provision to impose an exceptional sentence which exceeded the top end of the standard range by 37 months. *Id*. The Supreme

---

[1] As noted by respondent, although petitioner referred to "abhorrent" behavior, he presumably meant to refer to "aberrant" behavior.

01  Court held that this exceptional sentence violated the Sixth Amendment because the facts
02  supporting the exceptional sentence were neither admitted by petitioner nor found by a jury. The
03  Court explained that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence
04  a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the*
05  *defendant.*" *Id.* at 2537 (emphasis in original; citing *Apprendi v. New Jersey*, 530 U.S. 466, 490
06  (2000) ("Other than the fact of conviction, any fact that increases the penalty for a crime beyond
07  the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable
08  doubt."))

09  On January 12, 2005, the Supreme Court issued its ruling in *United States v. Booker*, 125
10  S.Ct. 738 (2005). In *Booker*, the Supreme Court addressed *Blakely* in the context of the Federal
11  Sentencing Guidelines and concluded that the Sixth Amendment, as construed in *Blakely*, does
12  in fact apply to the Guidelines. *Id.* at 745. The Supreme Court remedied the Sixth Amendment
13  problem by excising the provision of the Sentencing Reform Act which made the Guidelines
14  mandatory, 18 U.S.C. § 3553(b)(1), thus rendering the Guidelines effectively advisory. *Booker*,
15  125 S.Ct. at 764-5.

16  The question now before the Court is whether the rights recognized in *Booker* apply
17  retroactively on collateral review. The Supreme Court did not address the retroactivity question
18  in either *Blakely* or *Booker*.[2] However, the Supreme Court's recent decision in *Schriro v.*
19  *Summerlin*, 124 S.Ct. 2519 (2004) is essentially dispositive of the retroactivity question. In
20  *Schriro*, the Supreme Court held that its decision in *Ring v. Arizona*, 536 U.S. 584 (2002), which,
21  like *Blakely* and *Booker* applied *Apprendi* principles, is not retroactive on collateral review.

---

[2] The Ninth Circuit has yet to address this issue directly. In *United States v. Ameline*, No. 02-30326, 2005 WL 350811, at *1 (9th Cir. Feb. 9, 2005), the Ninth Circuit concluded that *Booker*, and therefore *Blakely*, applies to criminal cases pending on direct appeal at the time the *Booker* decision was rendered. In *Cook v. United States*, 386 F.3d 949, 950 (9th Cir. 2004), the Ninth Circuit concluded that *Blakely* does not apply retroactively to second or successive § 2255 motions. However, the Ninth Circuit has not yet spoken on the issue of whether *Blakely* or *Booker* apply retroactively to cases on initial collateral review.

REPORT AND RECOMMENDATION
PAGE -3

*Schriro*, 124 S.Ct. at 2526-27.

In *Ring*, the Supreme Court had held, in reliance on *Apprendi*, that the Sixth Amendment gave a defendant the right to a jury determination of all aggravating factors which may lead to the imposition of the death penalty. *Ring*, 536 U.S. at 609. In *Schriro*, the Supreme Court analyzed the rule set forth in *Ring* under *Teague v. Lane*, 489 U.S. 288 (1989), to determine if the rule applied retroactively to cases already final on direct review. The Supreme Court concluded that *Ring's* holding was properly classified as procedural because it did not alter the range of conduct that Arizona law subjected to the death penalty. Instead, "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment." *Schriro*, 124 S.Ct. 2523. The Supreme Court went on to state that "[r]ules that allocate decisionmaking authority in this fashion are prototypical procedural rules." *Id*.

There is no meaningful distinction between the type of constitutional rule announced in *Ring* and the type of constitutional rule announced in *Blakely* and *Booker*. Accordingly, *Blakely* and *Booker* should be treated as procedural decisions for purposes of retroactivity analysis.

New constitutional rules of criminal procedure generally do not apply retroactively to cases on collateral review. However, retroactive effect is given to a small set of "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Schriro*, 124 S.Ct. at 2524 (quotation marks and citations omitted). In *Schriro*, the Court acknowledged that "[t]he right to jury trial is fundamental to our system of criminal procedure," but concluded that judicial factfinding does not seriously diminish the accuracy of criminal proceedings. *Id*. at 2526. Thus, the Court held that the constitutional rule announced in *Ring* did not constitute a "watershed rule of criminal procedure" to be applied retroactively to cases already final on direct review. *Id*.

Based upon the Supreme Court's reasoning in *Schriro*, this Court concludes that the constitutional rule announced in *Blakely*, and more recently in *Booker*, does not constitute a

REPORT AND RECOMMENDATION
PAGE -4


"watershed rule of criminal procedure" and therefore does not apply retroactively on collateral review. *See Schriro*, 124 S. Ct. at 2526-27. The Court notes that this conclusion is consistent with the conclusions of every Circuit Court to have thus far considered this issue. *See Cirilo-Munoz v. United States*, 404 F.3d 527, 532-33 (1st Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 141-44 (2d Cir. 2005); *Lloyd v. United States*, 407 F.3d 608, 614-15 (3d Cir. 2005); *United States v. Humphress*, 398 F.3d 855, 862-63 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *United States v. Price*, 400 F.3d 844, 848-49 (10th Cir. 2005); *Varela v. United States*, 400 F.3d 864, 867-68 (11th Cir. 2005).

### Aberrant Behavior Departure

The retroactivity analysis appears to be dispositive of the claim in this motion. However, the Court will nonetheless briefly address the underlying issue of the denial of a downward departure based on aberrant behavior. First, because petitioner was convicted of a "serious drug trafficking offense," the Court denied his request for an aberrant behavior departure pursuant to USSG § 2.20(c)(3). Second, because *Booker* rendered the Guidelines effectively advisory, as opposed to mandatory, 125 S.Ct. at 764-5, the bar on aberrant behavior departures for serious drug trafficking cases under the Guidelines, although now advisory, remains in effect.

### CONCLUSION

For the reasons described above, petitioner's § 2255 motion must be denied. A proposed order accompanies this Report and Recommendation.

DATED this 1st day of July, 2005.

/s/  MARY ALICE THEILER
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -5